UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FREDDY RODRIGUEZ,

    Plaintiff,

v.

ATLANTIC COUNTY JAIL, et al.,

    Defendants.

Civil Action
No. 23-925 (CPO) (EAP)

**OPINION**

**O'HEARN, District Judge.**

Plaintiff, a county inmate, is proceeding *pro se* with an Amended Complaint (hereinafter "Complaint") pursuant to 42 U.S.C. § 1983. (ECF No. 8.)  For the reasons stated in this Opinion, the Court will dismiss Plaintiff's federal claims with prejudice as time barred and decline to exercise supplemental jurisdiction over his potential state law claims.

**I.   BACKGROUND[1]**

This case arises from an incident of sexual assault at the Atlantic County Jail. (*Id*. at 5–6.) Plaintiff names only Warden Kelly, as a defendant in this matter.  (*Id*. at 4.)

The Complaint contains few factual allegations. Plaintiff alleges that another inmate sexually assaulted him on November 6, 2019. (*Id*. at 5.)  He told Defendant Kelly about the assault the next day, but Defendant Kelly "refused to address the problem, and acted like it never occurred." (*Id*.)  The day after, on November 8, 2019, the same inmate "attacked and beat Plaintiff in retaliation for . . . reporting the sexual assault." (*Id*. at 5–6; ECF No. 13, at 2.)  Plaintiff was then taken to the emergency room.  (ECF No. 8, at 5–6.)

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff filed his initial complaint on February 16, 2023,[2] and the instant Complaint in July of 2023. In terms of relief, Plaintiff seeks $5,000,000.00 in compensatory damages. (*Id.* at 6.) Upon screening, as it appeared from the face of the Complaint that the statute of limitations bars Plaintiff's claims, the Court ordered Plaintiff to show cause as to why the Court should not dismiss this matter as time barred. (ECF No. 12.) Plaintiff filed his response. (ECF No. 13.)

## II.  STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff sues "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege

---

[2] Plaintiff dated his initial complaint March 2, 2023, which appears to be an error, as the Court received the document on February 16, 2023. (*See* ECF No. 1, at 7.) Regardless, that discrepancy is irrelevant for purposes of the Court's analysis.

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.  DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  As mentioned above, the Court ordered Plaintiff to show cause as to why the Court should not dismiss this matter, as the statute of limitations appears to bar Plaintiff's federal claims.

Ordinarily, "the running of the statute of limitations is . . . an affirmative defense, [but] where that defense is obvious from the face of the complaint . . . a court may dismiss a time-barred complaint *sua sponte* . . . for failure to state a claim."  *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013).  Although § 1983 provides a federal cause of action, § 1983 borrows the statute of limitations from the laws of the state in which the action arose.  *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014).  While state law provides the applicable statute of limitations, federal law controls when the statute of limitations begins to accrue.  *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

Federal law instructs that a § 1983 action begins to run when a plaintiff knows of or has reason to know of the injury. *See Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).  More specifically, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F.Supp.2d 477, 484 (W.D. Pa. 2011), *aff'd*, 504 F. App'x 182 (3d Cir. 2012); *see also e.g.*, *Byrd v. Finley*, No. 19-6879, 2023 WL 1420445, at *6 (D.N.J. Jan. 31, 2023).  However, the rule of accrual "does not require that a plaintiff have identified every party who may be liable on [the] claim." *Graff v.*

*Kohlman*, 28 F. App'x 151, 154 (3d Cir. 2002) (citing *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1125 (3d Cir. 1997)).  The inquiry is an objective one and does not ask "what the plaintiff actually knew but what a reasonable person should have known." *Kach*, 589 F.3d at 634.  Accordingly, as "a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.*

Here, Plaintiff complains of Defendant Kelly's failures to protect him which may fall under the Eighth Amendment's prohibition against cruel and unusual punishment.  For the failure to protect to rise to a constitutional violation, an inmate must demonstrate that: "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Wood v. Detwiler*, 782 F. App'x 103, 105 (3d Cir. 2019) (quoting *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012)); *see also Farmer v. Brennan*, 511 U.S. 825, 833, 837 (1994).

The first element is an objective standard and asks whether the official "disregarded an *objectively* intolerable risk of harm." *Wood*, 782 F. App'x at 105 (quoting *Beers-Capitol v. Whetzel*, 256 F.3d 120, 132 (3d Cir. 2001)) (emphasis in original).  The second element, deliberate indifference, is a subjective standard and asks whether the defendant had "actually . . . known [of] or been aware of the excessive risk to inmate safety." *Id.* (quoting *Bistrian*, 696 F.3d at 367).

Applying those principles, assuming *arguendo* that Plaintiff had otherwise valid § 1983 claims, every event in the Complaint appears to have taken place in November of 2019. (*See* ECF No. 8, at 5–6).  Plaintiff alleges that another inmate sexually assaulted him on November 6, 2019, and that that same inmate beat him on November 8, 2019. (*Id.*)  Plainly, Plaintiff knew of, or had reason to know of, his injuries on those two dates. (*See id.* at 5–6.)  Further, as Plaintiff complained

4

to Defendant Kelly after his sexual assault, it shows that he believed that Defendant Kelly was responsible for his protection, as early as November 7, 2019. (*Id*. at 6.)

As a result, assuming Plaintiff had facts to plead the remaining elements of his § 1983 claims, he knew or should have known of his injuries, their connection to Defendant Kelly, and that he had complete causes of action, by November 9, 2019, as to the latest of his claims. (ECF No. 8, at 5–6.) Consequently, the statute of limitations on those claims began to run at the latest, on November 9, 2019, and expired two years later on November 9, 2021. Because Plaintiff did not file his initial Complaint until February 16, 2023, absent tolling, the statute of limitations bars these claims.

Certain statutes and doctrines may allow the Court to toll the statute of limitations. For example, New Jersey statutes set forth certain bases for "statutory tolling." *See, e.g.*, N.J. Stat. § 2A:14–21 (detailing tolling because of minority or insanity); N.J. Stat. § 2A:14–22 (detailing tolling because of non-residency of persons liable). New Jersey law also permits "equitable tolling" where an adversary's misconduct induced or tricked a complainant into allowing the filing deadline to pass, or where "in some extraordinary way" someone or something prevented plaintiff from asserting his rights, or where a plaintiff has timely asserted his rights through a defective pleading or in the wrong forum. *See Freeman v. New Jersey*, 788 A.2d 867, 880 (N.J. Super. Ct. App. Div. 2002). However, absent a showing of a defendant's intentional inducement or trickery, the Court should apply the doctrine of equitable tolling sparingly and only where sound legal principles and the interest of justice demand its application. *Id.*

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrines. *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a

5

defendant actively misleads a plaintiff with respect to his cause of action; (2) where extraordinary circumstances prevent a plaintiff from asserting his claims; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *Id*. at 370 n.9.

In the present case, in response to the Court's Order to Show Cause, Plaintiff alleges that he signed a retainer agreement with an attorney to pursue his case in March of 2020, but that his attorney never filed a complaint. (ECF No. 13, at 2–3.)  Plaintiff never heard from his attorney, and "upon learning [that] the attorney did not file a civil complaint," Plaintiff filed the initial complaint in this case, in February of 2023. (*Id*. at 3.)  The Court will construe Plaintiff's response as arguing that the Court should excuse his late filing because of his attorney's failures.

Generally, "attorney error, miscalculation, inadequate research, or other mistakes . . . [do not] to rise to the 'extraordinary' circumstances required for equitable tolling." *Rascoe v. Cody*, 763 F. App'x 228, 232 (3d Cir. 2019) (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)); *Rowell v. Stecker*, 698 F. App'x 693, 696 (3d Cir. 2017).  If, however, an attorney's misconduct "goes beyond garden variety neglect [it] can constitute extraordinary circumstances, such as where an attorney affirmatively lies about taking actions he never took[] or abandons his client." *Rascoe*, 763 F. App'x at 232–33 (internal quotation marks omitted) (citation omitted); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 241–42 (3d Cir. 1999) (finding that counsel's affirmative lies may constitute extraordinary circumstances); *Minor v. Johnson*, No. 17-3741, 2020 WL 2744587, at *4 (D.N.J. May 27, 2020).

Critically, in such cases, to benefit from equitable tolling, a plaintiff must still show that he "exercise[d] due diligence." *Rascoe*, 763 F. App'x at 232 (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997)); *see Santo ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d

Cir. 2009) ("[A] plaintiff will not receive the benefit of equitable tolling unless [he] exercised due diligence in pursuing and preserving her claim.").

In this case, Plaintiff did not plead any facts that would suggest this was more than mere negligence with respect to the failure to timely file a complaint. Further, even if the Court were to assume *arguendo* that Plaintiff's attorney actively misled or abandoned him, and that such actions constituted "extraordinary" circumstances that prevented the timely filing of the initial complaint, Plaintiff has failed to show that he exercised due diligence.  Plaintiff contends that he retained his attorney in December of 2020, but never heard from that attorney. (ECF No. 13, at 2–3.)  Plaintiff fails to set forth any facts to show that he contacted his attorney or inquired about his case, or took any other action, for over two years, until February of 2023. (*See id*.)  Plaintiff then filed his initial complaint, "upon learning" that his attorney did not file one for him. (*Id*.)  Thus, Plaintiff waited over two years—more than the limitations period—to even contact his attorney to inquire about his case. (*See id*.)  Under these circumstances, the Court cannot find that Plaintiff exercised due diligence.  Accordingly, he is not entitled to equitable tolling and his federal claims remain time barred.  The Court will therefore dismiss those claims with prejudice.

Finally, as no federal claims remain in this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, including any potential negligence claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's federal claims with prejudice as time barred and decline to exercise supplemental jurisdiction over his potential state law claims. An appropriate Order follows.

Dated: December 19, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**
